[18 NYS3d 351]

In the Matter of JOSEPH A. RIZZO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 28, 2015

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 7, 2014 (2014 NY Slip Op 85764[U]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon acts of professional misconduct set forth in a verified petition dated May 14, 2014, and the respondent was directed to file an answer to the petition within 20 days after service upon him of the Court's decision and order.

The Grievance Committee now moves to adjudicate the respondent in default for his failure to answer the petition within the time frame specified by the October 7, 2014 decision and order.

The petition contained 12 charges alleging that the respondent failed to cooperate with the Grievance Committee's investigation of six complaints of professional misconduct filed against him. The complainants alleged that the respondent neglected their cases, failed to communicate with them, and/or failed to appear in court in connection with their cases.

On April 8, 2015, the respondent was personally served with a copy of the decision and order of this Court dated October 7, 2014, and a copy of the verified petition dated May 14, 2014. To date, the respondent has failed to either serve an answer to the petition or request additional time in which to do so.

On June 2, 2015, the Grievance Committee served the respondent, by regular and certified mail, with a copy of the instant motion to adjudicate him in default. To date, the respondent has neither responded to the motion nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, DILLON, BALKIN and MILLER, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph A. Rizzo, a suspended at-

torney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Joseph A. Rizzo, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph A. Rizzo, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph A. Rizzo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).